IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES – DISTRICT 1199C TRAINING AND UPGRADING FUND and JENNIFER HERRMANN, Executive Director One South Broad Street, 6th Floor Philadelphia, PA 19107 | : : : : : : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| v. | : : : | |
| WEST PHILADELPHIA COMMUNITY MENTAL HEALTH CONSORTIUM, INC. a/k/a THE CONSORTIUM, INC. 3751 Island Ave., Suite 303 Philadelphia, PA 19153 | : : : : : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

**PARTIES**

4. Plaintiff, Philadelphia Hospital & Health Care Employees – District 1199C Training and Upgrading Fund ("Training Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Training Fund is administered at the address listed in the caption.

5. Plaintiff, Jennifer Herrmann ("Herrmann"), is the Executive Director and a fiduciary with respect to the Fund within the meaning of 29 U.S.C. § 1002 (21) with a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Training Fund.

6. Defendant, West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc. ("Defendant"), is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11), and (12). The Consortium, Inc. is located at the address listed in the caption.

**FACTS**

7. At all times relevant to this action, Defendant was party to a collective bargaining agreement with the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C. The collective bargaining agreement was extended by agreement through April 30, 2025. The collective bargaining agreement and contract extension will be collectively referred to as "Labor Contracts". A true and correct copy of the Labor Contracts are hereto attached as Exhibit 1.

8. Defendant also agreed to abide by the terms of the Declaration of Trust of the Fund as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9. Under the Labor Contract or Trust Agreement, the Defendant agreed:

(a) To make full and timely payments on a monthly basis to the Fund;

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contracts;

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Defendant's corporate records concerning its obligation to the Fund; and

(d) To pay interest and liquidated damages and all costs of litigation expended by the Fund to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations.

10. Defendant failed to submit contributions and remittance reports to the Training Fund for November 2023 and the period from May 2024 to January 2025. Based upon the monthly contributions made in previous months, Defendant owes the Training Fund an estimated $88,800.00 in contributions, plus liquidated damages, attorneys' fees and ongoing interest.

11. On February 12, 2025, Fund Counsel sent a final demand letter to Defendant for November 2023 and April 2024 through December 2024 contributions. Defendant paid April 2024 and requested an extension until March 15, 2025 to pay the outstanding delinquency. No further payment was received. A true and correct copy of the Training Fund letter from February 12, 2025 is hereto attached as Exhibit 2.

## COUNT I
## CONTRIBUTIONS UNDER CONTRACT

12. The allegations of Paragraphs 1 through 11 are incorporated by reference as if fully restated.

13. Defendant owes the Training Fund an estimated $88,800.00 in contributions for November 2023 and the period from May 2024 to January 2025 under the Labor Contracts. The estimate is based upon the average monthly contribution amount. The estimate is set forth due to the fact that the Defendant failed to submit monthly contribution reports with the amounts owed for each of the covered participants.

14. Defendant has not paid the Plaintiffs as required by the Labor Contract or Trust Agreement.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendant and in favor of the Training Fund for at least the sum of $88,800.00, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA

15. The allegations of Paragraph 1 through 14 are incorporated by reference as if fully restated.

16. Defendant owes the Training Fund an estimated $88,800.00 in contributions for the month of November 2023 and the period from May 2024 to January 2025 in violation of 29 U.S.C. § 1145.

17. Plaintiffs have been damaged by the Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendant and in favor of the Training Fund for at least the sum of $88,800.00, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III
### AUDIT

18. The allegations of Paragraph 1 through 17 are incorporated by reference as if fully restated.

19. Defendant is obligated to permit the Plaintiffs to audit Defendant's payroll records and to cooperate in determining the contributions due the Plaintiffs.

20. The amount of contributions the Defendant is required to pay to the Plaintiffs is based upon wages paid to employees performing work covered by the Labor Contract.

21. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or

knowledge of the Defendant and the Defendant has failed to submit records or the required remittance reports for the month of November 2023 and the period from May 2024 to the present.

22. Defendant is required by the Labor Contract, Trust Agreements or applicable law to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

23. Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

24. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of the Defendant for the period from November 1, 2023 to the present and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(2) Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT IV
## CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

25. The allegations of Paragraph 1 through 24 are incorporated by reference as if fully restated.

26. On information and belief, Defendant has failed to make contributions to the Fund as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

27. On information and belief, the Defendant has been damaged by the failure of the Defendant to make contributions as required by their Labor Contracts or Trust Agreement.

**WHEREFORE**, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against the Defendant in favor of the Plaintiffs for the amount of contributions found due and owing by an audit for the period from November 1, 2023 to present, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V
## CONTRIBUTIONS UNDER ERISA AFTER AUDIT

28. The allegations of Paragraph 1 through 29 are incorporated by reference as if fully restated.

29. On information and belief, the Defendant has failed to make contributions to the Fund in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

30. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendant and the Defendant has failed to submit contribution reports for the period from November 1, 2023 to the present.

31. On information and belief, the Plaintiffs have been damaged by the Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against the Defendant in favor of the Plaintiffs for contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

Date: April 17, 2025

BY: */s/ Vlad Kachka*
VLAD KACHKA, ESQUIRE (ID NO. 326318)
230 S. Broad Street, Suite 1650
Philadelphia, PA 19102
(215) 732-0101
vkachka@spearwilderman.com

Attorneys for Plaintiffs